**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

  vs.                                     5:12-CV-0131
                                                  (MAD/ATB)

**DORA M. GOYETTE a/k/a
DORAMAE GOYETTE,**

                **Defendant.**
_____

APPEARANCES:                               OF COUNSEL:

MANFREDI LAW GROUP, PLLC          John S. Manfredi, Esq.
302 East 19th Street
Suite 2A
New York, New York 10003
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On January 21, 2012, plaintiff United States of America ("plaintiff") commenced the above captioned action alleging that defendant defaulted on a promissory note. Presently before the Court is plaintiff's motion for entry of a default judgment against defendant. (Dkt. No. 6).[1] The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345.

**II.    BACKGROUND**

      The Court has taken the facts set forth below from plaintiff's complaint and the Certificates of Indebtedness from the United States Department of Education executed on August

---

[1] Plaintiff's original motion sought an award of attorneys' fees. However, that portion of the motion was withdrawn. (Dkt. No. 8).

3, 2010.[2]  Defendant Dora M. Goyette a/k/a Doramae Goyette is an individual and resident of New York.  On July 7, 1989, defendant executed promissory note to secure a loan from Chemical Bank in Jericho, New York.  The loan was disbursed in two payments: one for $2,625.00 at 8.00 percent interest per annum and the other for $1,815.00 at a variable rate of interest to be established annually by the Department of Education.  The loan obligation was guaranteed by New York State Higher Education Services Corporation and then reinsured by the Department of Education under Title IV-B of the Higher Education Act of 1965, 29 U.S.C. §§ 1071 *et seq*.  Thereafter, Chemical Bank demanded payment according to the note and defendant defaulted.  The first Certificate of Indebtedness provides that, as of May 11, 2010, defendant owes the following:

| | |
|---|---|
| Principal | $3,186.69 |
| Interest | $2,666.95 |
| Total | $5,853.64 |

The Certificate also provides that, "[i]nterest accrues on the principal shown here at a rate of $0.70 per day".

The second Certificate of Indebtedness provides that, as of May 11, 2010, defendant owes the following:

| | |
|---|---|
| Principal | $1,391.63 |
| Interest | $ 963.85 |
| Total | $2,355.48 |

The Certificate also provides that, "[i]nterest accrues on the principal shown here at the current rate of 3.73 percent and a daily rate of $0.14 through June 30, 2010, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act [. . . ].

---

[2] Defendant has submitted no contrary evidence as to the material facts.

On January 21, 2012, plaintiff filed the complaint (Dkt. No. 1) alleging that defendant owes the following on two loans: (1) a principal of $3,186.69 and accrued interest at a rate of 8.0% per annum; and (2) a principal of $1,391.63 with accrued interest per annum at a rate of 3.73%. Plaintiff seeks the sum above plus prejudgment interest through the date of judgment and all administrative costs allowed by law and post-judgment interest pursuant to 28 U.S.C. § 1961.

## III.  DISCUSSION

### A.  Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.1987). Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiff must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed.R.Civ.P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on January 21, 2012. On February 13, 2012, plaintiff filed the return of service with the Court. Plaintiff avers that defendant never answered or otherwise moved with respect to the complaint, thus on March 1, 2012, plaintiff requested a clerk's entry of default. Said default was entered on March 5, 2012. On March 8, 2012, plaintiff filed a notice of motion for default judgment pursuant to Fed.R.Civ.P. 55(b). Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

### B.  Liability

3

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup v. E.L. U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The only question remaining is whether plaintiff has provided adequate support for the relief sought. *Id*. The allegations in plaintiff's complaint and supporting papers are therefore presumed accurate.

Here, plaintiff claims that defendant defaulted on her obligations under the Notes. By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that she is bound by the terms of the Notes she entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest. Plaintiff has met the "modest threshold burden in establishing entitlement to a default judgment against defendant, under the circumstances". *See U.S. v. Simmons*, 2012 WL 685498, at *2 (N.D.N.Y. 2012).

**C.   Damages**

"Pursuant to Title IV–B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071 et seq., where a student loan borrower default on her repayment, the Secretary of Education (the "Secretary") is authorized to pay to the lender the amount of the loss sustained on the student loan and is thereafter subrogated to the rights of the lender for purposes of seeking to recover on the defaulted student loan from the borrower." *U.S. v. Saccente*, 2011 WL 1044475, at *1 (E.D.N.Y. 2011) (citing 20 U.S.C. § 1080) (the amount of loss equals unpaid principal and accrued interest).

Courts have previously awarded plaintiffs damages relying solely on Certificates of Indebtedness. *U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011) (collecting cases). Here, according to the Certificates of Indebtedness, on the First Loan, $3,186.69 in principal remains due and owing to plaintiff, $2,666.95 in accrued interest, plus additional interest in the amount of $.70 per day through the date of judgment. As to the Second Loan, $1,391.63 in

4


principal remains due and owing to plaintiff, $963.85 in accrued interest, plus additional interest in the amount of $.14 per day through June 30, 2010 and "thereafter at a rate set pursuant to section 427A of the Higher Education Act of 1965". The Court awards plaintiff the aforementioned amount. *See id.*

In addition, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. The statute provides, in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

"Post-judgment interest serves as a means to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant". *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (citation and quotation omitted). An award of post-judgment interest is mandatory in any civil case where money damages are recovered. *U.S. v. Saccente*, 2011 WL 1044475, at *2 (E.D.N.Y. 2011). Accordingly, plaintiff is awarded post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Plaintiff also seeks $55.00 for the process server fees. In addition to being provided for under the terms of the promissory note, the Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter ... shall be required to pay ... reasonable collection costs." *U.S. v. Hinds*, 2011 WL 3555837, at *3-4 (E.D.N.Y. 2011) (citing 20 U.S.C. § 1091 a(b)(1)). Accordingly, plaintiff is awarded costs in the amount of $55.00.

## IV.   CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No. 6) against defendant is **GRANTED**; it if further

**ORDERED** that plaintiff, on the first loan, is awarded $3,186.69 in unpaid principal, $2,666.95 in accrued interest, an additional $.70 in interest for each day after May 11, 2010 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961; it is further

**ORDERED** that plaintiff, on the second loan, is awarded $1,391.63 in unpaid principal, $963.85 in accrued interest, an additional $.14 in interest for each day after May 11, 2010 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961; it is further

**ORDERED** that plaintiff is awarded $55.00 in costs.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 1, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge